United States District Court
Southern District of Texas
**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LORIMAR MUSIC A CORP., ET AL.,  § <br> *Plaintiff,*  § <br> § <br> v.  § <br> § <br> ARBED A&M LLC AND JOHN A.  § <br> VASSALLO,  § <br> *Defendants.*  § | CIVIL ACTION NO. 4:24-CV-02367 |

## MEMORANDUM AND RECOMMENDATION

Before the Court in this copyright infringement action is Plaintiffs' Motion for Default Judgment.[1] ECF 23. The Court entered default against Defendants on December 3, 2024. ECF 19. The Court RECOMMENDS that the Motion for Default Judgment be GRANTED.

### I. Background

Plaintiffs initiated this lawsuit by filing a Complaint on June 24, 2024. ECF 1. Plaintiffs filed an Amended Complaint on August 29, 2024. ECF 7. Plaintiffs allege that they own the copyrights in certain original musical compositions that were publicly performed at Mo's Pub, an establishment owned and managed by Defendants, without permission. *Id.* ¶¶ 3-13. Plaintiffs were granted leave to serve the lawsuit and summons on Defendants by "(a) leaving copies of those papers with anyone over 16

---

[1] The District Court has referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 10.

years of age at 4909 Spruce Street, Bellaire, Texas 77401 or at 4544 Post Oak Place Dr., Suite 383, Houston, Texas 77027, or (b) attaching the papers securely to the front door of 4909 Spruce Street, Bellaire, Texas.77401 or 4544 Post Oak Place Drive, Suite 383, Houston, Texas 77027, or ( c) mailing copies of the papers to either of the two addresses above, by certified mail, return receipt requested." ECF 9.  Defendants were served in September 2024 and to date have not made an appearance in this case.  On November 25, 2024, the Clerk entered default against both Defendants.  ECF 19.  Plaintiffs now move for entry of final default judgment awarding them an injunction, $60,000 in statutory damages, post-judgment interest, and attorneys' fees.

## II.   Default Judgment Standards

Federal Rule of Civil Procedure 55(a) grants courts authority to enter default judgment against a defendant who fails to plead or otherwise defend itself.  In exercising its discretion to enter a default judgment, the Court must determine "(1) whether default judgment is procedurally warranted; (2) whether [Plaintiffs'] complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, [Plaintiffs] should receive." *Quintillion Subsea Operations, LLC v. Maritech Project Servs., Ltd., Mi, Ltd.*, No. 4:20-CV-02310, 2023 WL 5836833, at *2 (S.D. Tex. Aug. 16, 2023), report and recommendation adopted No. 4:20CV02310, 2023 WL 5837513 (S.D. Tex. Sept. 8, 2023).

To make the first determination, whether default judgment is procedurally warranted, courts in the Fifth Circuit must consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). To make the second determination, the court looks at whether the well-pleaded factual allegations in the Plaintiff's Complaint establish a valid cause of action. *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The third determination requires the Court to award only the relief prayed for in the Complaint as required by Federal Rule of Civil Procedure 54(c). *Id.* A defendant's default establishes only liability, not the amount of damages. *Id.* (citing *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages will ordinarily not be awarded absent a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III. Analysis

#### A. Default Judgment is procedurally warranted.

Consideration of the six *Lindsey* factors establishes that a default judgment is

procedurally warranted. In the absence of an answer or other response, the material facts are established by the Complaint. Default judgment does not substantially prejudice Defendants because their own inaction "has ground the adversary process to a halt, prejudicing [Plaintiffs'] interest in pursuing [their] claim for relief. *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *2 (W.D. Tex. Nov. 23, 2020). The entry of default demonstrates that grounds for default have been clearly established, and nothing indicates that Defendants' default is the result of a good faith mistake or excusable neglect. Plaintiff seeks statutory damages and post-judgment interest and the amount of the judgment, aside from attorney's fees, is established as a matter of law. The Court is not aware of any reason the district court would be obligated to set aside the judgment upon a motion by Defendants. *See A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F. App'x 221, 225 (5th Cir. 2019) ("In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), we examine the following factors: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff.").

### B. Plaintiffs' Amended Complaint establishes entitlement to relief.

Plaintiff's Amended Complaint pleads a valid cause of action against Defendants for copyright infringement. Plaintiffs have calculated that between 2019 and August 2024, given Mo's Pub's history of events and crowd size, Defendants have

4

avoided license fees in the amount of $38,30.77 by not obtaining an ASCAP license. ECF 24. Plaintiffs have presented evidence that they own copyrights for four works publicly performed on March 17, 2024 at Mo's Pub. *Id.* Pursuant to 17 U.S.C. § 504, Plaintiffs are entitled to $15,000 per work infringed, or $60,000. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction prohibiting Defendants from publicly performing, or causing or permitting to be publicly performed, at any establishment owned, operated, managed, or controlled by them, any musical work in the repertory of Plaintiffs' performing rights society, the American Society of Composers, Authors and Publishers (ASCAP) without first obtaining permission to do so. Pursuant to 17 U.S.C. 505, Plaintiffs are entitled to an award of their costs and attorneys' fees incurred in bringing this action. Finally, Plaintiffs are entitled to an award of post-judgment interest pursuant to 28 U.S.C. § 1961. Plaintiffs must submit affidavit(s) to establish reasonable costs and attorneys' fees within 14 days of entry of this Memorandum and Recommendation.

### IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment (ECF 23) be GRANTED and a Default Judgment be entered in favor of Plaintiff against Defendants (1) enjoining Defendants from future infringement as as set forth above; (2) $60,000 in statutory damages; (3) attorneys'

fees and costs in an amount to be decided after Plaintiffs timely submission of evidence; and (4) post-judgment interest at the statutory rate.

The Clerk of the Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 27, 2025, at Houston, Texas.

                                                Christina A. Bryan
                                                United States Magistrate Judge